## CLAUSSEN & CO. v. EASTERLING.

1. Where an attachment has been levied, the defendant may attack it upon the ground that the allegations upon which it issued are untrue. In doubtful cases, an issue should be made for the jury, but this case having been heard and determined by the Circuit judge, on motion, without objection, this court did not interfere.
2. The findings of fact by the Circuit judge from the affidavits submitted at such hearing, reviewed and approved.
3. A defendant to the action may take the proper steps to vacate an attachment issued against him upon allegations of a fraudulent transfer of his property, although not the owner of such property at the time the attachment was levied thereon.
4. This case distinguished from *Metts* v. *Piedmont & Arlington Life Insurance Company*, 17 *S. C.* 120.

Before Pressley, J., Barnwell, April, 1883.

This is an appeal from an order dissolving an attachment in the case of J. C. H. Claussen & Co. against J. R. Easterling. The action was commenced in February, 1883, and the motion to dissolve was noticed March 27th, and heard April 2d, 1883. The attachment had been issued upon an affidavit of one of the plaintiffs, setting forth the indebtedness, and charging a fraudulent sale of goods and mortgage of chattels by the defendant to his mother, made to defeat this claim, no delivery having been made and the defendant continuing in possession. The motion to dissolve was based upon affidavits in which a *bona fide* indebtedness by the defendant to his mother was shown, and a fair and open sale of the goods and chattels made, and no retention of possession by the defendant. There were also affidavits in reply.

On April 6th, 1883, Judge Pressley filed the following order :

The motion before me in this case is to dissolve plaintiffs' attachment. It is founded on allegations of fraud by defendant in conveying to his mother a portion of his stock in trade and his other personal property, and yet retaining possession of it. The testimony is very clear that before said conveyance the mother had a *bona fide*, valid, recorded mortgage on said prop-

erty, and that the debt secured by it had not been paid. In December last she took a second mortgage of the same property to secure the same debt. That may or may not have been necessary, but it was certainly a wise precaution in view of the fact that the stock in trade had been changed after the first mortgage.

But the mortgage not being disputed by plaintiff, he still claims and alleges that the release of defendant's equity of redemption to his mother was pretensive, and that he is still in possession. He does not attempt to prove that said release was for an amount less than the full value of the property, and he filed an affidavit of Mr. Dowling which directly corroborated the affidavit of defendant. He decided to sell out and quit that kind of business; besides, the sale of the stock offered to Mr. Dowling was not for cash, which could be concealed from defendant's creditors, but on credit for good security, which could easily be reached by defendant's creditors if his mother's claim was not superior to theirs. Failing to make the proposed sale, a portion of defendant's stock and fixtures were *bona fide* sold on like credit to Vogel & Co., and the remainder was sold to his mother for the consideration of her assuming a portion of defendant's debts, as principal, for which before she was only a surety.

But plaintiffs file an affidavit of Mr. Christie to the effect that defendant had expressed a willingness to use the Vogel notes in payment of his debts to plaintiff, if defendant had been so requested before the attachment against him. Knowing nothing of his character, and judging him solely by the statement and said affidavit, the only legitimate inference which I can possibly draw from it is that, to satisfy plaintiffs, defendant was willing to presume still further on the affections and indulgence of his mother and obtain her consent to his paying the plaintiffs out of assets already pledged to her on a *bona fide* debt.

As to his having traded away one of the mortgaged horses, I think that a fair construction of the mortgage allowed such changes by him.

But it is alleged that he is still in possession of the stock in the trade. The affidavits of the nearest neighbors to the store

say otherwise.  Plaintiffs' attorney swears that once since the transfer of the merchandise the defendant conducted sales to said attorney as previously, when defendant was owner of the store. It would be very strange if, after having involved his mother as surety for his debts, defendant should fail to do everything in his power to save her from loss on his account.  If he were to assist her clerk to sell said goods, even a dozen times, that would be even less than the duty he owed for having involved her in his wild venture.  As to the statement that her alleged clerk offered to insure the mere stock in the name of defendant, that is only competent in so far as it impeached his affidavit, and I disregard that in making up this judgment.  The whole testimony fails to impress my mind that there is even the shadow of a proof of fraud in the testimony between the defendant and his mother.

It is therefore ordered and adjudged, that said attachment be set aside and the attached articles be forthwith released ; further ordered that plaintiffs pay the costs of this motion.

From this order plaintiffs appealed.

*Mr. James E. Davis*, for appellant.

*Mr. Robert Aldrich*, contra.

July 5th, 1883.  The opinion of the court was delivered by MR. CHIEF JUSTICE SIMPSON.  The plaintiffs, appellants, brought action against the defendant upon an open account, and at the same time, upon an affidavit of J. H. Claussen, alleging a fraudulent bill of sale by the defendant to his mother, L. C. Easterling, of all of his stock of goods, and a mortgage also to his mother of all of his other personal property, of which he, defendant, still retained possession, issued an attachment, serving the summons and complaint as well as the attachment, on the same day, viz. : February 12th, 1883.  The defendant put in a general denial to the complaint and moved, upon affidavits which will be found in the brief, for a dissolution of the attachment in advance of the trial of the cause.

This motion was heard by Judge Pressley, who ordered and :adjudged that said attachment be set aside, and that the articles .attached be forthwith released, and further, that plaintiffs pay the ·costs. This order was based on the finding of the Circuit judge that the allegation of fraudulent acts by defendant upon which the attachment had issued, was unsupported by the testimony. The plaintiffs appealed on exceptions assigning error in this finding of the judge, and especially, because "the defendant having alleged that he held no interest in the property at the time of the issuing of the attachment, that he was not even in possession, his Honor committed error of law in not holding, as ·earnestly requested by counsel of plaintiffs, that defendant could not come in and have the right of third parties adjudicated, but that Mrs. Easterling was the only party affected according to defendant's own showing, and hence was the proper party to make said motion."

Attachments may be assailed either because they have been improvidently issued, or because of some irregularity in the proceeding. The distinction between the two grounds is, that in the latter case the defect appears on the face of the proceedings, and may be taken advantage of by motion to quash or dissolve. In the former, all the preliminary steps may be regular, and yet the attachment has been improvidently granted because the allegations on which it issued are untrue. *Drake Att.* (*3d edit.*), § 397. In this case the attachment is attacked on the latter ground, to wit: Because the allegations on which it issued are untrue.

Mr. Drake says, there can hardly be room for doubt that, without the aid even of express statutory provision, a defendant may, in one form or another, contest the truth of the grounds alleged by the plaintiffs for obtaining the attachment. The mode of doing this is different in the different States, but the right to do so is conceded in most of the States. In some of the States it is held, that a statutory provision is necessary, and where so held the mode prescribed in the statute must be followed. In our State no statutory provision has been made, but the right of the defendant to contest the allegations in the affidavit has been acknowledged, and if successful in disproving them the attachment will be dissolved.

The mode of accomplishing this has not been definitely adjudicated. In some cases it has been done on motion; in others an issue has been made for a jury, and this, it seems, would be the better practice, at least in doubtful cases. *Havis* v. *Trapp*, 2 *Nott. & M.* 130; *Wheeler* v. *Degnan*, 2 *Id.* 323; *Shrewsbury* v. *Pearson*, 1 *McC.* 331. But the appellant has raised no question of this kind. He did not demand an issue to be submitted to a jury. On the contrary, he acquiesced in the trial by the judge, and he has not in his grounds of appeal questioned the right of the judge to hear the case. It is unnecessary, therefore, to pursue this branch of the subject further.

As to the findings of fact by the Circuit judge, the rule which governs in other cases where the judge passes upon the facts, must apply here. Under this rule, unless the decided preponderance of the testimony is against the finding, it must be sustained. We do not find such preponderance. On the contrary the evident weight of the affidavits is in support of the conclusion of the judge. It is very clear that defendant's mother had become involved for the defendant, and that he had given her a lien upon his property by mortgage, which was duly recorded before the debt of plaintiff was contracted, and the badges of fraud relied on by the plaintiff were sufficiently explained. The defendant had the right to prefer his mother. A debtor has the right to give preference, if the transaction is founded upon a sufficient consideration, and is otherwise *bona fide*. But in this case there were no other creditors in the way when the original transaction between the defendant and his mother took place, and the fact that she took a second mortgage of the same property for the same debt, has no significance, except that she was anxious to be secured; the subsequent sale to the mother of a portion of the goods appears to have been made upon a sufficient consideration. The finding of the Circuit judge upon this branch of the case must be sustained.

As to the ground most strongly urged by appellant, that defendant having admitted that the property attached did not belong to him, he could not move to dissolve the attachment; we do not see its application here. The motion below was not made on the ground that the property in question did not

belong to defendant. The title to the property was not in issue. The attachment was issued on an allegation of fraud by the defendant, and the only question involved below was the truth of that allegation. If, because that allegation being found untrue, the attachment is vacated and incidentally thereby the property is released, that is a result which does not concern the defendant. He certainly should not be compelled to submit to the charge of fraud, when he has the means of overthrowing it, simply because if he should do so, some one else may be benefited.

In the case of *Metts* v. *Piedmont & Arlington Life Insurance Company*, 17 *S. C.* 120, a third party who claimed the property attached, attempted to intervene and to raise the question of title on motion to dissolve the attachment; and this court held that he could not be permitted to intervene. He did not propose to assail the attachment, because it was issued either improvidently or irregularly; in fact, being a third party he could not have been allowed to do so, if he had desired, but he proposed to come in simply to contest the title. The court held that he had other means of redressing himself, if he had received an injury, more effectual than the mode he suggested.

And so here, if Mrs. Easterling had made the motion below to permit her to intervene so that she might raise the question of title, the case of *Metts* v. *Piedmont Life Insurance Company*, *supra*, would be in point. But Mrs. Easterling is not before the court. The defendant in the attachment, brought into court by the plaintiff, makes the motion on the ground that plaintiff had no legal right to issue such a proceeding against him. The attack goes back behind the execution of the process to the original issue, and raises a question which he above all others is warranted in raising, to wit: the truth of the allegations upon which it had its inception.

It is the judgment of this court that the order of the Circuit judge be affirmed.